UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULINE ASHTON, as Next Friend
of E.B., a minor,

   Plaintiff,

CASE No. 1:22-cv-819

v.

HON. ROBERT J. JONKER

OKEMOS PUBLIC SCHOOLS, et al.,

   Defendants.

_____/

**ORDER**

   Plaintiff Pauline Ashton is the biological mother of E.B., a former student at Okemos High School.[1] Plaintiff brings this action raising a variety of federal constitutional and state law claims relating to the events underlying E.B.'s expulsion from the high school in May 2022. The matter is before the Court on Plaintiff's Motion for Temporary Restraining Order (ECF No. 2). The documents do not reflect service on the defendants. For the reasons set out below, the motion is **DENIED.**

   The Court may not issue a temporary restraining order without written or oral notice to the adverse party or its attorney unless specific facts in an affidavit or verified complaint clearly show

---

[1] The submissions by Plaintiff include the minor child's full name which is in violation of FED. R. CIV. P. 5.2(a)(3). Future filings in this case must comply with this rule, and Plaintiff should forthwith file properly redacted papers that comply with the Rule.
  Plaintiff should also review the Local Rules of Court and ensure that future filings comply. The Court notes, for example, that Plaintiff's brief in support of the motion is 74 pages in length that is well over the length the Court routinely encounters on motions for injunctive relief with similar claims and issues. Plaintiff does not indicate the number of words in the brief as required by LCivR 7.2(b)(ii), nor indicate that the number of words, as defined by LCivR 7.2(b)(i), does not exceed 10,800 words. But a 74-page brief almost certainly exceeds the word limit.

that irreparable injury will result before the adverse party can be heard in opposition and the moving party provides written certification of any efforts made to give notice and why notice should not be required.  Fed. R. Civ. P. 65(b)(1).  "[T]he purpose of a TRO under Rule 65 is to preserve the status quo so that a reasoned resolution of a dispute may be had."  *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 226 (6th Cir. 1996).

Plaintiff's motion fails to meet the basic procedural requirements for issuing a TRO under the Rule.  Plaintiff has not filed an affidavit in support of a request for the issuance of a TRO as required by FED. R. CIV. P. 65(b)(1)(A).  Plaintiff refers to her complaint as a "verified complaint," but it does not qualify as such.  This is because it lacks an appropriate verification under penalty of perjury as specified in 28 U.S.C. § 1746, requiring an unsworn declaration to substantially follow this form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct."  Plaintiff's statement that "I have read the foregoing verified complaint and that it is true and accurate to the best of my information, knowledge, and belief" (ECF No. 1, PageID.97) does not attest to the truthfulness of her claim or that she made the declaration under penalty of perjury.  *See Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988) (28 U.S.C. § 1746 permits unsworn declarations to substitute for an affiant's oath if the statement contained therein is made "under penalty of perjury" and verified as "true and correct").  Moreover, the attestation does not contain an original manuscript signature as required by local rule; rather it contains an electronic signature of the non-attorney next friend of plaintiff.  *See* W.D. MICH. LCIVR 5.7(d)(iii)(B) (electronically filed version of declarations under penalty of perjury must bear a scanned image of all original manuscript signatures).  Furthermore, although Plaintiff is properly acting as the next friend of her minor child, *see* FED. R. CIV. P. 17(c), she cannot verify

things on behalf of the minor child and appears to lack personal knowledge on many of the things that are disputed.

Beyond all this, Plaintiff's papers do not meaningfully address why irreparable injury will result before the adverse party can be heard.  Any interruption in schooling, especially in the K-12 context, has implications for academic achievement and social development down the line, though as Plaintiff states in her brief, E.B. is currently enrolled in online schooling, so at least some of these concerns are mitigated.  Moreover, the events at issue date back to last spring, with E.B.'s expulsion taking place in May of 2022.  Plaintiff did not file this action, however, until well after the fall semester of the 2022-2023 academic year had already begun.  *See District Calendar*, OKEMOS PUBLIC SCHOOLS, https://www.okemosk12.net/Page/527#calendar 559/20220806/month (last visited Sept. 6, 2022).  Furthermore, the pleadings recognize that the sides disagree on key facts that were initially litigated in the school discipline setting and will now need attention in this forum.  Providing time for the defendants to be heard is not likely to affect the relative balance of harms, and will undoubtedly improve the quality of decision making.  The Court is not making any finding as to the preliminary injunction factors at this point.  Rather, the Court is simply finding that ex parte TRO relief before the defendants can be heard is not warranted on this record.

**ACCORDINGLY, IT IS ORDERED** that Plaintiff's Motion for Temporary Restraining Order (ECF No. 2) is **DENIED.**  Defendants shall have **twenty-eight (28) days** from the date of service to respond to Plaintiff's request for a preliminary injunction.

Dated:  September 9, 2022              /s/ Robert J. Jonker
                                                          ROBERT J. JONKER
                                                          UNITED STATES DISTRICT JUDGE